# Lapsley *et als.*, Ex'trs. *v.* Stoughton.

### *Action of Assumpsit.*

1. *Action on a contract to recover stipulated profits, when recovery can be had only for services performed.*—An action was brought to recover plaintiff's share of profits alleged to be due him from defendant pursuant to a contract between plaintiff, defendant and a third party, by the terms of which plaintiff and the third party were to procure an option on certain property, which defendant was to sell at an advanced price, the profits to be divided equally between the three. The complaint contained special counts declaring on the express contract and also common counts for money had and received to plaintiff's use. The evidence showed that the express contract declared on was not carried out, and the profits shown to have been received by defendant were derived by virtue of another contract, to which plaintiff was not a party, and the consummation of which was effected under conditions and through agencies materially different from those originally contemplated, and which entailed much greater expense and outlay by defendant than was intended in the original transaction. *Held:* That upon failing to prove that the profits alleged to have been received by the defendant were derived by virtue of the express contract providing in terms the plaintiff's share therein, his only right of recovery depended upon proof, under the common counts for services actually performed by him, of facts from which there would arise an implied promise on the part of the defendant to pay the reasonable value of such services, or a definite sum therefor; and upon the failure of the plaintiff to make such proof, and where the testimony offered does not furnish sufficient basis from which to ascertain the nature of the plaintiff's services or their fair and reasonable value, nor to fasten a promise or liability on the defendant to pay any definite, specific amount, the plaintiff is not entitled to recover.

[Lapsley *et als.* Ex'trs. v. Stoughton.]

APPEAL from the City Court of Anniston.

Tried before the Hon. D. C. BLACKWELL.

This was an action brought by the appellee against the appellants, as executors of the last will of Duncan T. Parker, deceased. The facts of the case are sufficiently stated in the opinion.

There was judgment rendered in favor of the plaintiff. From this judgment the defendants appeal, and assign, among other rulings of the court, the rendition of judgment for the plaintiff.

J. J. WILLETT and KNOX, BOWIE & PELHAM, for appellants.—It is shown by the facts of the case that the enterprise contemplated to be carried out under the express contract which is counted upon by the plaintiff was a failure ; and that any profits which Parker received were the result of a transaction to which the plaintiff was not a party. Under these circumstances, the plaintiff is not entitled to recover at all in the present action. — *Lipe v. Ludewick*, 14 Ill. App. 372 ; *Doonan v. Ives*, 73 Ga. 295 ; *Stewart v. Murray*, 92 Ind. 543, 47 Amer. Rep. 167 ; *Chandler v. Sutton*, 5 Daly (N. Y.) 112 ; *Harris v. Burtnett*, 2 Daly (N. Y.) 189 ; *Earp v. Cummins*, 54 Pa. St. 394 ; *Charlton v. Wood*, 11 Heisk. (Tenn.) 19 ; *Fraser v. Wyckoff*, 63 N. Y. 445 ; *Wylie v. Marine Bank*, 61 N. Y. 415 ; *Tombs v. Alexander*, 101 Mass. 255 ; *McClave v. Paine*, 49 N. Y. 561 ; *Armstrong v. Wann*, 12 N. W. Rep. 345 ; *McGavock v. Woodlieff*, 20 Howard 221.

SMITH & LOWE, *contra*.—While it is true that a plaintiff must always make out his cause by evidence reasonably satisfying the court, or jury, as the case may be, of his right to recover, yet, after the trial court has rendered judgment on the facts, the appellate court will indulge the presumption of the correctness of that ruling, and puts the burden of showing error upon the appellant, whether he was plaintiff or defendant in the court below. The conclusion reached by the lower court was that Stoughton was equally with Lapsley and Parker interested in the profit realized from the sale of Shelby, and we submit that this court can not determine from the evidence that the lower court was in error in arriving at that conclusion, and hence the case should

be affirmed. Counts 1 and 4 of the complaint claim for money had and received, and if the evidence does not fully sustain the averments of other counts, under one of these the plaintiff was entitled to a judgment.—*King v. Martin*, 67 Ala. 182; *Myers v. Byars*, 99 Ala. 485; *Gipson v. Knard*, 96 Ala. 419; *Stafford v. Sibley*, 106 Ala. 189.

BRICKELL, C. J.—This suit was instituted by the appellee against the appellants, as executors of the will of Duncan Parker, deceased, to recover appellee's share of profits alleged to be due to him from said Parker, pursuant to a contract between appellant, Parker and Lapsley, by the terms of which appellee and Lapsley were to procure an option on the property of the Shelby Iron Company, which property Parker was to undertake to sell at an advance price; the profits to be divided equally between the three. The complaint contains five counts; the first and fourth being the common counts for money had and received to plaintiff's use, &c., and the second, third, and fifth counts declare upon an express contract. In all the counts the sum of $11,111.11 is claimed as the amount due, and in some of the counts the money is alleged to have been received by Parker, and in others that it was received by his executors.

The substantial inquiry presented by the record is one of fact, and the conclusion we have reached on that question being decisive of the case, it is not necessary to consider the rulings of the court below on appellants' demurrer and motion, assigned as error.

Upon a careful examination of the evidence set out in the printed abstract of the record, we are convinced that the plaintiff has failed to show satisfactorily, a right of recovery. The special contract, or contracts, declared on in three of the counts of the complaint, it is quite clear from the evidence, were never carried out by the parties; and the profits shown to have been received by Parker were derived by virtue of a contract to which the appellee was not a party, and in which he had no interest, unless it arises, as between him, Lapsley and Parker, by implication from conversations and communications between the three, after the original scheme was abandoned, indicating a common purpose to further continue their joint efforts to accomplish some transaction

or deal in respect of the same property, that would result to their advantage. Upon failing to prove that the alleged profits received by Parker were derived by virtue of the express contract, providing in terms for the appellee's share therein, his only other right of recovery depended upon proof, under the common counts, of the services actually performed by him and of facts from which an implied promise on the part of Parker would arise, as matter of law, to pay the reasonable value of such services, or from which the law would imply a promise to pay a definite sum therefor.

The plaintiff, (appellee), did not, and not having been called as a witness by the defendants, it may be, could not testify as to the services rendered by him or their value ; nor is there any testimony in the record on that subject, except the meagre allusions thereto in the testimony of Lapsley. He says : "Col. Stoughton did very little, except that he came to me in 1887 to find a purchaser, he being asked to do so by the Shelby people. I brought the proposition to Mr. Parker, and Col. Stoughton was expected to, and I believe did, use considerable influence in getting some of the stockholders to assent to the sale, there being some who were not represented by Mr. Jacobs." The witness further shows that there was much correspondence between himself, appellee, and Parker. He also states that he heard Parker say that he would have to pay Schwed and Bush, and others, whose names witness did not remember, a large part of what he (Parker) received, and that Stoughton ought to be satisfied with a small sum, mentioning, as witness thinks, two thousand dollars. The testimony further shows that in order to effectuate the final sale, Parker was compelled to pay out large sums not contemplated in the original transaction, and also to invest largely himself in the new organization.

These facts, together with the other references to the subject of appellee's compensation, in the testimony of Lapsley, and in Parker's letters, do not furnish a sufficient basis upon which to ascertain the nature of appellee's services, or their fair and reasonable value, nor to fasten a promise or liability on Parker to pay any definite, specific amount, even if it could be conceded that the proof shows satisfactorily the appellee was interested in the profits of the final transaction.

We are impressed from the testimony that after the deals or sales contemplated by the written contracts in which appellee was interested failed of consummation, Parker still intended, in the event of another deal being accomplished, either to compensate appellee by sharing the profits on some equitable basis, or by making provision for him in the new organization; but as the consummation of the final trade was effected under conditions and agencies materially different from those originally contemplated, and entailing much greater expense and outlay on the part of Parker, we cannot, in the absence of an express contract, and upon the evidence before us, conclude that Parker intended to share equally with appellee and Lapsley the profits of the trade finally effected, or to say upon what basis he did intend to make a division of profits; nor could we determine what share of such profits would be reasonable compensation to appellee. As matter of fact, Parker did not settle with Lapsley according to the original contract, but the settlement with him was made by the executors through a compromise involving other demands, as well, preferred by Lapsley, and the amount paid to Lapsley for a share in the profits, and also the other demands, was much less than that now claimed by the appellee.

We do not overlook the statement of Lapsley, in his testimony, that the contract was a continuing one—doubtless Lapsley so regarded it, and appellee may have so viewed it; but we find nothing in the testimony that sufficiently shows it was so accepted or treated by Parker, or which gives rise to any reasonable implication to that effect.

We repeat, that we do not regard the plaintiff's (appellee's) case as satisfactorily established by the proof, and the judgment in his favor was not authorized, either under the special or common counts. The judgment of the city court is reversed, and judgment will be here entered for the appellants. The appellee will pay the costs of suit in the court below, and of the appeal in this court.

Reversed and rendered.